UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-109-KKC

CHARLES COSGROVE, JR.                                                           PETITIONER

VS:                    MEMORANDUM OPINION AND ORDER

HECTOR RIOS, JR.                                                                  RESPONDENT

Charles Cosgrove is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. Cosgrove has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241 [Record No. 2]. Cosgrove haws paid the $5.00 habeas filing fee [*Id*.]. The § 2241 petition is before the Court for consideration of preliminary matters.

ALLEGATIONS OF THE PETITION

In his eight-page submission, Cosgrove asserts several separate and distinct claims. He filed sixty-eight (68) pages of exhibits, which are not organized in any discernible manner. The Court has organized the claims asserted in the § 2241 petition into four categories.

1. "Assault on Prison Guard Convictions"

Cosgrove challenges the outcome of a disciplinary hearing, but he provided little information about the exact charge filed against him, or the sanction(s) imposed. It appears that one set of disciplinary convictions about which he complains related to prison officers subduing him during some sort of scuffle. Cosgrove does not state when the events transpired.[1]

---

[1] He stated that this particular disciplinary matter related to: (1) "Incident Report 1550336" and (2) "Incident Report 1550298."

Cosgrove alleges that he was viciously assaulted by prison guards and was thereafter charged with two disciplinary infractions, presumably assaulting prison guards. He apparently was convicted of the offenses, because he alleges that the Disciplinary Hearing Officer ("DHO") was biased against him; gave too much credence to the Incident Report(s); failed to consider his (Cosgrove's) claim that prison officials falsified the Incident Report; failed to accept as true his version of the interaction with the guards; and excluded an exculpatory video which would have shown that he did not assault, lung at, or bite, the prison guards.

Cosgrove claims that his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution, was violated when he was convicted of these disciplinary infractions. For the sake of reference, the Court will refer to this Fifth Amendment claim as the "Assault on Prison Guard Convictions."

## 2. Eighth Amendment Claims

As noted, Cosgrove alleges that in connection with the "Assault on Prison Guard Convictions," he was the victim of excessive force at the hands of the prison guards against whom it appears that he was charged with assaulting. Cosgrove alleges that the guards threw him over a mounted wooden chair so hard that they caused the ligaments in his knee to tear.

Cosgrove further alleges that he suffers from various psychological defects, including but not limited to Multiple Personality Disorder. He alleges that the prison guards have taken advantage of the fact that he has serious mental problems and have caused him mental anguish. These claims would fall under the Eighth Amendment of the United States Constitution, which forbids cruel and unusual punishment. To the extent that Cosgrove alleges prison guards applied

2

excessive force to him and injured him, Cosgrove asserts Eighth Amendment civil claims.

### 3. "Tattoo Gun" and "Possessing Intoxicants" Convictions

Cosgrove states that he was convicted of two other disciplinary violations: (1) "Possessing a Tattoo Gun," a Bureau of Prisons ("BOP") a Code 108 offense, and (2) "Possessing Intoxicants," a BOP Code 222 offense. Cosgrove states that he lost 67 days of good-time credit ("GTC") as result of one or both of these convictions.[2] He alleges that with respect to the "Possessing Intoxicants" charge, the BOP should have utilized a lower level offense code which would have resulted in a lighter sanction or the forfeiture of fewer GTC.

In the instant § 2241 petition, he also challenges his conviction on these charges. He claims that his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution, was violated when he was convicted of these disciplinary infractions.

### 4. Request for Half-way House Placement

Cosgrove seeks an Order directing the BOP to place him in a halfway house, which is also known as either a Community Corrections Center ("CCC"), or as a Residential Corrections Center ("RCC"). Federal prisoners near the end of their sentences are often placed in halfway houses to live and work under supervision as a part of preparing them to transition back into the community. Cosgrove claims that he would benefit from CCC placement because he suffers from a psychiatric condition.

---

[2] Cosgrove states that these charges arose out of two simultaneous Incident Reports, Numbers 1312794 and 1312791.

3

## DISCUSSION
### 1. Dismissal Without Prejudice of Construed Eighth Amendment Claims

Cosgrove has presented the Court with four separate and distinct claims in one § 2241 habeas petition. One set of allegations potentially implicates civil claims of excessive force in violation of the Eighth Amendment of the United States Constitution. To that extent, Cosgrove could be construed as asserting civil claims which are not cognizable in a § 2241 habeas petition.

Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Any construed Eighth Amendment claims are not properly asserted in this § 2241 petition, because they do not affect the length or duration of Cosgrove's federal sentence. These construed claims will be dismissed without prejudice to Cosgrove asserting them in a proper civil rights complaint. [3]

### 2. Severance of Separate § 2241 Habeas Claims

Cosgrove has asserted claims regarding two separate disciplinary incidents, the "Assault of Prison Guard Convictions" and the "Tattoo Gun and Possessing Intoxicants Convictions." These claims fall under the purview of § 2241 because they pertain to the forfeiture of GTC.

Cosgrove has also asserted yet a third § 2241 habeas claim, that being the claim seeking

---

[3] Cosgrove is advised of two items in the event his wishes to file a separate civil action on the Eighth Amendment claims. First, the filing fee for a civil action is $350.00, although a prisoner may seek pauper status whereby he would be permitted to remit installment payments on the filing fee.

Second, before filing a lawsuit in federal court regarding conditions of confinement, federal law requires that a prisoner fully exhaust each and every such claim through the BOP's three-step administrative remedy procedure. *See* Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. 1997e(a ); *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999).

permission to be transferred to a CCC. That claim also falls under the purview of § 2241.

Fed. R. Civ. P. 21 provides, in pertinent part, "[a]ny claim against a party may be severed and proceeded with separately." [4] "The power to sever claims is committed to the discretion of the district courts." *See Boston Post Road Medical Imaging, P.C. v. Allstate, Ins*., 2004 WL 1586429, * 1 (S. D. N.Y. July 15, 2004) (citing *New York v. Hendrickson Bros*., 840 F.2d 1065, 1082 (2d Cir.1988)). Factors considered in deciding to sever claims in a civil suit include:

(1) whether the claims arise out of the same transaction or occurrence;

(2) whether the claims present common questions of fact or law;

(3) whether severance would serve judicial economy;

(4) whether prejudice to the parties will be caused by severance; and

(5) whether the claims involve different witnesses and evidence.

*Id*.; *In re Zyprexa Products Liability Litigation*, 2004 WL 2812095, *4.

Cosgrove's Fifth Amendment challenges to the assault convictions and the gun and intoxicant convictions do not appear to arise out of the same transaction. They do not appear to present common questions of fact or law. The convictions appear to be distinct enough from each other to warrant one claim being severed from this action and brought in another § 2241 action. *See also Globe American Cas. Co. v. Davis*, 2008 WL 586419, 3 (E. D. Tenn., 2008).

Because one set of challenges relating to disciplinary convictions could be asserted in a

---

[4] Severance of claims under Fed. R. Civ. P. 21, rather than Fed. R. Civ. P. 42(b), is the correct approach in this situation. Rule 42(b) permits a court to consider some of the claims or issues separately, while holding other claims or issues in abeyance, in a single lawsuit. *In re Zyprexa Products Liability Litigation*, No. MDL 1596, 04-CV-165, 2004 WL 2812095, * 3 (E.D.N.Y. Dec.3, 2004). On the other hand, severance of claims under Rule 21 results in the creation of separate actions. *Id*. Rule 21 also permits a court to sever claims sua sponte. *United States v. National R.R. Passenger Corp*., 2004 WL 1335723, * 6 (E. D. Pa. 2004).

5

separately filed § 2241 petition after the claim has been administratively exhausted, Cosgrove would not be prejudiced by severance of one set of claims from this action.[5] As for the request for placement in a CCC, that issue is totally unrelated to either of the two challenges to the two disciplinary convictions. Likewise, the CCC placement claim should be asserted in a separate § 2241 petition after that claim has been administratively exhausted.

In consideration of these factors, the Court determines that Cosgrove's due process claims arising from the two separate sets of disciplinary charges are totally distinct from each other. The Court will therefore sever, and dismiss without prejudice, the Fifth Amendment claim stemming from the "Tattoo Gun and Possessing Intoxicants" conviction from this action, thereby allowing Cosgrove to assert that claim in a separate § 2241 proceeding. Additionally, the CCC claim will also be severed from this action, and dismissed without prejudice to Cosgrove asserting that claim in a separately filed § 2241 petition. This action will be limited to the consideration of only one claim, the claims related to the "Assault on Prison Guard Convictions."

3. Proof of Exhaustion Required for
"Assault on Prison Guard Convictions"

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they

---

[5] As the filing fee for a § 2241 habeas petition is only $5.00, Cosgrove will not be financially burdened by severance of the claims.

'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

In this § 2241 proceeding, Cosgrove has filed a confusing 68-page mish-mash of documents in this action, claiming broadly that the collective body of documents verifies the exhaustion of all four of his claims. The Court will not dig through 68 pages of documents in order to determine if the BOP's administrative exhaustion process has been followed on the one remaining Fifth Amendment claim, relating to "Assault on Prison Guard Convictions."

Since the Petitioner Cosgrove is appealing a DHO decision, he must have filed an appeal (BP-10) to the Regional Director [*See* 28 C.F.R. § 542.14 (d)(2)]. If not satisfied with the Regional Director's response, he must have filed an appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

Cosgrove will be required to file the above administrative exhaustion documents relating specifically to the only issue before the Court in this action, that being the claim stemming from the "Assault on Prison Guard Convictions." Cosgrove will be given thirty (30) days from the date of entry of this Order in which to provide the Court with copies of administrative exhaustion of the claim regarding "Assault on Prison Guard Convictions." This information should consist of Cosgrove's BP-10 and BP-11 appeals, **and the BOP's responses thereto**.

Cosgrove is advised that in the event he seeks to file separate § 2241 petitions regarding either the "Tattoo Gun and Possessing Intoxicants Charges" and/or the CCC placement claims, he will be required to demonstrate that he fully exhausted those claims through the BOP's administrative remedy process, 28 C.F.R. § 542.10-19.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Charles Cosgrove's construed Eighth Amendment excessive force claims are **DISMISSED WITHOUT PREJUDICE** to Cosgrove asserting them in a civil rights action filed under 28 U.S.C. § 1331.

(2)     Petitioner Charles Cosgrove's Fifth Amendment due process claims, stemming from his "Tattoo Gun and Possessing Intoxicants" disciplinary convictions, are **SEVERED** from this action under Fed. R. Civ. P. 21, and **DISMISSED WITHOUT PREJUDICE** to Cosgrove asserting them in a separate petition filed under 28 U.S.C. § 2241.

(3)     Petitioner Charles Cosgrove's Fifth Amendment due process claims, pertaining to Community Corrections Center placement, are **SEVERED** from this action under Fed. R. Civ. P. 21, and **DISMISSED WITHOUT PREJUDICE** to Cosgrove asserting them in a separate petition filed under 28 U.S.C. § 2241.

(4)     The only remaining issue before the Court in this § 2241 proceeding is the Fifth Amendment claim pertaining to the "Assault on Prison Guard Convictions."

(5)     Petitioner Charles Cosgrove is directed to submit copies of his BP-10 and BP-11 appeals, **and the BOP's responses**, on the claim regarding "Assault on Prison Guard Convictions," within thirty (30) days of the date of the entry of this Order.

(6)     Petitioner Charles Cosgrove is instructed to keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(7) Upon the filing of the document indicated herein, or upon the expiration of forty (40) days from the date of entry of this Order, the Clerk of this Court is hereby directed to notify the Pro Se Office.

Dated this 19th day of September, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge