# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION at PIKEVILLE

**CIVIL ACTION NO. 7:08-CV-109-KKC**

**CHARLES COSGROVE, JR.**                                    **PETITIONER**

**VS:**                    **MEMORANDUM OPINION AND ORDER**

**HECTOR RIOS, JR.**                                         **RESPONDENT**


Charles Cosgrove, Jr. is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. On May 23, 2008, Cosgrove filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241 [Record No. 2].

This matter is now before the Court for full screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).  As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## PROCEDURAL HISTORY

Cosgrove asserted four  claims in his § 2241 petition. On September 19, 2008, the Court entered an Order, dismissing without prejudice, three of the four claims which Cosgrove had

asserted [*See* Order, Record No. 4].[1]

The Court determined that this action, 08-CV-109-KKC, would be limited to one specific claim, specifically, the challenge to Cosgrove's disciplinary conviction for "Assault on Prison Guard." In that Order, the Court further directed Cosgrove to provide the Court with documentary evidence of compliance with the Bureau of Prisons ("BOP") exhaustion process for disciplinary convictions, set forth in 28 C.F.R. §§ 542.14-15.

The Court directed Cosgrove to provide copies of his BP-10 and BP-11 appeals, and the BOP's responses thereto, pertaining to Cosgrove's disciplinary conviction for "Assault on Prison Guard." On October 14, 2008, Cosgrove filed a Response [Record No. 5] to which he attached numerous exhibits. This matter is now before the Court for consideration.

DISCIPLINARY CONVICTIONS AND APPEAL
1. BOP Code Infractions 203 and 224A

Cosgrove was convicted of violating two BOP offenses on December 30, 2006, when he was confined in the United States Penitentiary-Leavenworth ("USP-Leavenworth").[2] Cosgrove was afforded a hearing before a DHO. The DHO prepared two reports, one of which found Cosgrove guilty of violating BOP Code Nos. 203 ("Threatening another with Bodily Harm") and

---

[1] In the September 19, 2008 Order[ Record No. 4], the Court explained in detail why it dismissed Cosgrove's other claims, without prejudice. Summarized, the Court determined that one claim, (alleged excessive force by a prison guard) was an Eighth Amendment civil rights claim which could only be asserted in a civil rights complaint under 28 U.S.C. § 1331 [*Id*., p. 4].
    The Court noted that Cosgrove had asserted two other habeas claims under 28 U.S.C. § 2241: (1) a challenge to a disciplinary conviction for "Use of a Tattoo Gun and Possessing Intoxicants"and (2) a demand for placement in a Community Corrections Center. The Court explained that these claims were unrelated to the challenge of his disciplinary conviction for "Assault on Prison Guard." [*Id*., pp. 4-6] The Court informed Cosgrove that he was free to file separate habeas petitions asserting those unrelated claims, if those claims have been fully exhausted [*Id*., p.8].

[2] USP-Leavenworth is a medium security federal prison which is located in Kansas.

2

224A, ("Attempted Assault") [*See* Record No. 2-2, pp. 2-3].[3]

The DHO stated that on December 30, 2006, a staff member had been called to the recreation area of USP-Leavenworth and had escorted Cosgrove from the area. The staff member reported that while Cosgrove was being escorted away, he told the reporting officer that he (Cosgrove) was going to "beat his ass and that he would see him on the street." The reporting officer stated that Cosgrove had aggressively moved toward him by turning his head and attempting to bite him on the shoulder. Cosgrove denied trying to bite the officer [*Id.*, p.2].

The DHO identified the sources upon which he relied in finding Cosgrove guilty of the charged 203 and 224A offenses. The DHO relied on an investigative report prepared by Lt. Wettlaufer, which indicated that Lester Uthe, Recreation Specialist, activated his body alarm on December 30, 2006, and sought assistance in restraining Cosgrove in the recreation area. Lt. Wettlaufer concluded in his investigative report that Cosgrove had attempted to bite Officer Bellar on the shoulder [*See* Wettlaufer Report, Record No. 2-2, p.11].

The DHO stated in his report that he also relied on a statement given by Security Officer Gulley [*See* Gully Statement, Record No. 2-2, p.7] and a Memorandum prepared by Special Investigative Agent ("SIA") J. Buser [*See* Buser Memorandum, p.10]. Gulley stated he

---

[3] The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

According to the provisions of 28 C. F. R. § 541.13 (b), "Aiding another person to commit any of these offenses, attempting to commit any of these offenses, and making plans to commit any of these offenses, in all categories of severity, shall be considered the same as a commission of the offense itself. In these cases, the letter "A" is combined with the offense code. For example, planning an escape would be considered as Escape and coded 102A. Likewise, attempting the adulteration of any food or drink would be coded 209A.

responded to the call for assistance. Gulley stated he heard Cosgrove threaten the officer and saw him aggressively approach the officer [*See* Gully Statement, Record No. 2-2, p.7].

Gulley stated that Cosgrove was verbally abusive and claimed that he would "beat there {sic} ass and would see them on the street." [*Id*]. According to Gulley, Cosgrove made an overt effort to bite Officer Bellar on the shoulder as he was being taken away. Gulley states that in response to Cosgrove's attempt to bite Bellar, Officer Bellar subdued Cosgrove by placing him on his knee, with his face pointed toward the floor, so that he could not bite anyone [*Id*].

Buser states in his Memorandum that he had reviewed the video-tape of the incident. Buser concluded that Cosgrove had approached Uthe in a threatening manner and that Cosgrove had actively resisted Uthe's efforts to hold him against the wall until reinforcements arrived [*Id*]. Buser concluded that although Officer Bellar and Lt. Raymond Darrow arrived at the scene to escort Cosgrove away, no excessive force was applied to Cosgrove. Buser states that only minor force was applied, causing Cosgrove to be pushed down to one knee.

On January 17, 2007, the DHO issued a Report imposing the following sanctions: (1) loss of 14 days good-time credit ("GTC") on the BOP Code 203 charge; (2) loss of 14 days of GTC on the BOP Code 224A charge; (3) disciplinary segregation for 29 days for both charges; and (4) loss of 90 days of telephone and commissary privileges for both charges.

## 2. BOP Code Infraction 307

The second DHO report reveals that on January 17, 2007, the DHO found Cosgrove guilty of violating BOP Code 307 ("Threatening and Refusing an Order") [*Id*., pp. 5-6]. The DHO stated that on December 30, 2006, Cosgrove entered the "staff only" area of the USP-

4

Leavenworth recreation area in order to use the microwave.  The reporting staff member stated that when he instructed Cosgrove to leave the area, Cosgrove refused to do so. He stated that Cosgrove approached him in an aggressive manner, causing him to request assistance [Record No 2-2, p.5].  The DHO sanctioned Cosgrove to: (1) loss of 7 days of GTC; (2) disciplinary segregation for 7 days; and (3) loss of telephone and commissary privileges for 45 days.

3. <u>Administrative Appeals</u>

Cosgrove filed a BP-10 appeal to the BOP's Mid-Atlantic Regional Office ("MARO) regarding his "Attempted Assault and Threatening" (Code Nos. 203 and 224A) disciplinary conviction.  On November 26, 2007 , K.M. White, the Regional Director of the MARO issued a written denial of the BP-10 appeal, designating the appeal as "Remedy ID. No. 454176-R9" [Record No. 5-2, p.5]. [4]

---

[4] White stated as follows in his denial of the BP-10 appeal:

You appeal the DHO decision of January 17, 2007, for Attempted Assault (Code 224A) and Threatening (Code 203). You complain your incident report was falsified and request the incident report be expunged.

P.S. 5270.07, <u>Inmate Discipline and Special Housing Units</u>, provides that the DHO shall consider all evidence presented at the hearing. The decision of the DHO Shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO found you committed the prohibited act based on the greater weight of the evidence, which was the reporting officer's statement. The DHO accurately and adequately explained to you in Section V of the DHO report the specific evidence relied on to find you committed the prohibited act, and we find no need to elaborate further.

You do not provide, nor do we find, any evidence that your incident report was falsified.

The discipline record indicates that you waived your right to witnesses and staff representation and that the time frames in the discipline process were adhered to in accordance with policy.

We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's findings, and the sanctions were appropriate for the offenses.

[Record No. 5-2, p.5].

The next step was to have filed a BP-11 appeal (of the adverse MARO decision) to the BOP Central Office.  Cosgrove's recent submission reveals that on February 13, 2008, the BOP Central Office issued a "Memorandum"concerning Administrative Remedy Appeal No. 454176-A1 [Record No. 5-2, p.9]. In that Memorandum, the BOP Central Office informed Cosgrove that the appeal regarding Remedy No. 454176-A1 had not been filed with the BOP Central Office [*Id*., § 3].  The BOP Central Office further informed Cosgrove that if he wished to appeal 454176-A1, he would be required to do so in proper format [*Id*., § 10].[5]

Cosgrove submitted a subsequent "Memorandum" from "C. Tomkins," B3 Unit Counselor at USP-Big Sandy, which appears to verify that Cosgrove had attempted to file a BP-11 as to Administrative Remedy Appeal No. 454176 [*Id*., p. 7]. The Tomkins Memorandum indicates that Cosgrove had mailed the BP-11 to the wrong address several times, and that his submissions were returned in the mail in damaged condition [*Id*].

Cosgrove submitted nothing which indicates that he filed an initial BP-10 appeal to the MARO regarding the other disciplinary conviction for the Code 307 offense, "Threatening and Refusing an Order." Cosgrove did submit documentation which demonstrates that he fully exhausted a separate Eighth Amendment claim of excessive force claim, Administrative Remedy ID **#4070820**. In that set of grievances, Cosgrove alleged that a prison official had assaulted *him*.

His appeals on the excessive force claim were denied. Cosgrove was informed that he

---

[5] The "Memorandum" was apparently generated in response to Cosgrove's purported BP-11 appeal dated January 9, 2008 [Record No. 5-2, p.8]. In that appeal, Cosgrove stated that he had two administrative remedies pending; that the prison informed him that documentation regarding his administrative remedies had been destroyed; and that Cosgrove should simply insert "Administrative Remedy Appeal No. 454176" in his BP-11 appeal.

would not be provided with copies of the BOP's internal, confidential investigative reports [*See* Record No.5-2, p. 12 (Warden denial of BP-9); Record No. 5-2, p. 14 (MARO denial of BP-10) and Record No. 5-1, p. 18 (Central Office denial of BP-11).

DISCUSSION
1. "Some Evidence" of Guilt Existed

As an initial matter, the record is not entirely clear on the issue of whether Cosgrove fully exhausted all three of his disciplinary convictions [Code 203, Code 224A and Code 307] designated as "Administrative Remedy Appeal No. 454176." The Court will accept the C. Tompkins Memorandum as an excuse for Cosgrove's possible failure to exhaust the claims relating to the Code 203 and 224A convictions, and the related Code 307 convictions. The Court will address the claims on the merits.

Federal courts do not assess credibility or weigh the evidence when reviewing a disciplinary conviction. A disciplinary action should be upheld if it is supported by "some evidence." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. at 455-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

Therefore, a district court has no authority under the guise of due process to review a

7

disciplinary committee's resolution of factual disputes. *Id*. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457.

It is not the role of the district court to re-try a prison disciplinary hearing. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. *Kelly v. Cooper*, 502 F. Supp. 1371,1376 (E. D. Va.1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981), *cert. denied*, 455 U.S. 992 (1982); *see also Chevron v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute).

The only question is whether the DHO had "some evidence" to ensure fairness and justify his finding of the Code 203, 224A and 307 violations. The threshold requirement of only "some evidence" is a relatively low one.

In his petition [Record No. 2, pp. 3-5], Cosgrove strenuously disputed the charge that he attempted to bite Officer Bellar <u>and</u> the charge that he resisted to the efforts to restrain him in the recreation area. The DHO Reports document that Cosgrove disputed those allegations at his disciplinary hearing  The DHO was, however, entitled to assign little or no weight to Cosgrove's version of the event and  rely instead on the contradictory assessments, reports and memoranda prepared by Security Officer Gulley, Lt. Wettlaufer, and SIA Buser.

All three of these witnesses concluded that Cosgrove had in fact threatened a prison

officer and had attempted to bite Officer Bellar while he (Cosgrove) was being physically restrained. In summary, the reports of these officers, upon which the DHO relied in finding Cosgrove guilty of the Code 203, 224A and 307 offenses was "some evidence"in the record to support the DHO's conclusion.  Petitioner Cosgrove has failed to make a showing sufficient to displace the DHO's findings of fact, even though he disagrees with the DHO Reports.

2. <u>DHO Video-tape Review Not Required<br>By Fifth Amendment</u>

Cosgrove argues that the DHO violated his right to due process of law by refusing to allow him to play the video-tape of the December 30, 2006 incident in the USP-Leavenworth recreation room. The DHO elected not to review the video-tape of the incident himself, finding that it was cumulative to the reports put in the record by the prison staff, as outlined above.

Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. *Wolff v. McDonnell*, 418 U.S. 539,563-66, 94 S. Ct. 2963 (1974).

The record reflects that Cosgrove was afforded all of the due process rights to which he was entitled. He received written notice of the charges more than two weeks in advance of the hearing. He was offered but declined staff representation. He was informed of his right to call witnesses or offer written statements of unavailable witnesses but elected not to offer any. He

9

made his own statement which was considered by the DHO.

While the DHO did not independently review the video-tape of the incident, SIA Buser did review the video of the recreation room incident and summarized his interpretations of the video-tape in his Memorandum [Record No. 2-2, p. 10]. The DHO reasonably relied on Buser's assessment of the events as set forth in his Memorandum. Under the low evidentiary threshold of *Superintendent v. Hill*, this constituted "some evidence" of guilt in a disciplinary hearing.

Other Courts have addressed claims from prisoners who have similarly challenged a DHO's exclusion of, or failure to independently review, the video-tape of a contested incident. The Courts have concluded that the DHO's decision not to review video-tape evidence does not constitute a denial of due process under *Superintendent v. Hill* and *Wolff*.

In *Cruzen. Haynes*, 2007 WL 3146383 (N. D. W. Va. October 25, 2007) (Only Westlaw citation currently available), inmate Cruzen argued his Fifth Amendment right to due process of law was violated when the DHO refused to independently review a video at a disciplinary hearing instead of merely relying on a summary of the video prepared by inmate's counselor. The district court rejected that challenge, stating that due process was satisfied because there was "some evidence" to support the conviction, even without the benefit of the DHO independently watching the video tape. *Id* at *3 (overruling prisoner's objections to Report and Recommendation of Magistrate Judge).

*See also Hadden v. Mukasey*, 2008 WL 2332344 (S. D. N. Y., June 3, 2008) (Only Westlaw citation currently available) ("some evidence" requirement of *Superintendent v. Hill* was supported by DHO's reliance on the report and summary of disputed incident prepared by

the inmate's counselor; as surveillance videotape was not offered as evidence against the inmate, the DHO did not violate the inmate's Fifth Amendment rights by refusing to independently review the video); and *Landry v. Adams*, 2007 WL 869224 (E.D. Va., March 19, 2007) (Only Westlaw citation currently available) ("The record further demonstrates that the evidence presented by the investigating officer to the DHO was sufficient to support the punishment petitioner received. As such, petitioner's due process rights were not violated by the absence of additional evidence in the form of video surveillance footage.").

Based on the foregoing analysis, the instant § 2241 petition will therefore be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)    The petition for writ of habeas corpus [Record No. 2] filed by Petitioner Charles Cosgrove, Jr.is **DENIED**.

(2)    This action will be **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 21st day of October, 2008.



**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**

11